# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**ALVIN DEJUAN AIKENS,**                                                      PETITIONER
**ADC #160951**

V.                    CASE NO. 5:17-CV-288-JM-BD

**WENDY KELLEY,**[1] **Director,**
**Arkansas Department of Correction**                                         RESPONDENT

## RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge James Moody Jr. Any party to this suit may file written objections with the Clerk of Court within 14 days of the filing of the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

By not objecting, any right to appeal questions of fact may be jeopardized. And, if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.   Background:**

A.     Procedural History

In March 2015, Petitioner Alvin Aikens pleaded guilty in the Circuit Court of Pulaski County, Arkansas, to criminal counts charged in nine separate cases,[2] including:

---

[1] The Clerk is directed to correct the spelling of Ms. Kelley's name on the docket sheet.

[2] Mr. Aikens pleaded guilty in Pulaski County, Arkansas case numbers 60CR-10-300,

simultaneous possession of drugs and firearms, possession of a controlled substance, theft by receiving, attempted residential burglary, aggravated assault on a law enforcement officer, terroristic threatening, residential burglary, theft of property, and aggravated robbery.[3] (Docket entry #8-2 – #8-10, #8-25) Mr. Aikens was sentenced on May 15, 2015, and, because the sentences were ordered to run concurrently, he was given an aggregate sentence of 40 years' imprisonment in the Arkansas Department of Correction ("ADC"). (#8-2 – #8-10, #8-26)

Two weeks after sentencing, Mr. Aikens unsuccessfully attempted to withdraw his pleas in eight of the nine cases.[4] In case number 60CR-11-1087, however, Mr. Aikens neither moved to withdraw his plea nor sought any type of post-conviction relief. (#8-13) In contrast, in the remaining eight cases, Mr. Aikens attempted to appeal his conviction (#8-12) and later sought collateral relief under Arkansas Rule Criminal Procedure 37. (#8-15)

By letter dated August 11, 2015 from the Clerk of the Arkansas Supreme Court, Mr. Aikens was informed that, because he had pleaded guilty, his convictions were not appealable and that, as a result, the Clerk had declined to lodge the record for his direct appeals. (#8-14)

---

60CR-11-1087, 60CR-11-1249, 60CR-11-1407, 60CR-11-1807, 60CR-12-232, 60CR-13-1339, 60CR-13-2710, and 60CR-14-1353.

[3] Mr. Aikens also pleaded guilty to three counts of misdemeanor fleeing.

[4] Motions to Withdraw Plea appear in the docket sheets for the cases referenced in footnote 1. *See* "CourtConnect" on the Arkansas Judiciary's homepage (https://caseinfo.arcourts.gov/cconnect/).

2

On June 29, 2015, before the Arkansas Supreme Court had rejected the direct appeal in the one case, Mr. Aikens petitioned for post-conviction relief in the eight other cases. (#8-15) His petitions were denied by order entered on November 12, 2015. (#8-17) Mr. Aikens appealed the denial of his Rule 37 petitions; however, the Arkansas Supreme Court dismissed the appeals on the State's motion after Mr. Aikens failed to timely file his appellate brief. *Aikens v. State*, CR 16-188 (Ark. S.Ct. Nov. 3, 2016) (*per curiam*) (#8-24).[5]

B.   Current Petition

Mr. Aikens initiated the instant federal habeas petition on November 6, 2017. (#2) In his petition, he claims: the State breached its plea agreement; he was denied an independent competency evaluation; in cases 60CR-12-232 and 60CR-13-1339, his trial counsel failed to pursue a duress defense; and, finally, the trial judge illegally met with Mr. Aikens's mother and a family friend where the judge suggested that if Mr. Aikens pleaded guilty, he would "spare me on my time." (#2).

In her response to the petition, Respondent Kelley contends that Mr. Aikens has failed to articulate which of the nine criminal judgments he is challenging; this Court lacks jurisdiction to grant habeas relief because Mr. Aikens is no longer in custody on

---

[5] Respondent correctly points out that, while Mr. Aikens did not file a notice of appeal of the denial of Rule 37 relief in case number 60CR-11-1249 and did not include it in the appellate record, in dismissing the appeal, the Arkansas Supreme Court inexplicably included that case in its denial of relief. (#8-20, #8-21, #8-24) Although it ultimately does not make a difference as to the timeliness of Mr. Aikens's federal habeas petition, this Court will credit the Arkansas Supreme Court's ruling and give Mr. Aikens the benefit of a timely notice of appeal in case number 60CR-11-1249.

3

some on his convictions; and Mr. Aikens's claims are barred by the applicable statute of limitations, procedurally defaulted, and meritless, in any event.

**III. Discussion:**

The instant Petition is untimely.[6] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period for a state prisoner to file a federal habeas corpus petition under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). The statutory period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

After Mr. Aikens's March 2015 guilty pleas, eight of the judgments were filed of record on June 1, 2015 (#8-3 – #8-10), and the remaining judgment was filed on June 10, 2015. (#8-2) Because Mr. Aikens pleaded guilty, he had no right to a direct appeal; therefore, his attempts to appeal did not toll the federal clock. ARK. R. APP. P.–CRIM. 1(a) (defendants who enter unconditional guilty pleas have no right to a direct appeal). As a result, Mr. Aikens's judgments became final thirty days from their entry. *Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015), *cert. denied*, 136 S. Ct. 81 (2015); ARK. R. APP. P. –CRIM. 2(a)(1).

---

[6] Because Mr. Aikens collectively pleaded guilty and his sentences were concurrent, the Court assumes that he is challenging all of his sentences in this habeas petition. Moreover, because the ADC website (https://apps.ark.org/inmate_info/search) reflects that Mr. Aikens is currently imprisoned for all of the felony convictions to which he pleaded guilty in March 2015, this Court will not address Respondent's jurisdictional argument. Finally, because Mr. Aikens's claims are barred by the statute of limitations, this Court will not address the procedural default or merits arguments raised by Respondent in her response.

Accordingly, the federal one-year limitation period began to run no later than July 2, 2015 for eight cases, and July 11, 2015 for the one, which accounts for the expiration of the time allowable to file a direct appeal in each of the nine cases. *Camacho*, 774 F.3d at 935. Again, Mr. Aikens did not seek any type of post-conviction relief in case number 60CR-11-1087; therefore, the one-year limitation period for that case expired on July 1, 2016 – one year after the time for filing a direct appeal expired.

As for the remaining eight cases, Mr. Aikens did not place his federal habeas petition in the prison mail until October 31, 2017, and it was not filed of record until November 6, 2017. As a result, Mr. Aikens's claims are barred by the one-year statute of limitations for the remaining cases unless the limitations period can be tolled.

A.  Statutory Tolling

The federal habeas statute provides for tolling during the pendency of a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). "A properly filed application is one that meets all of the state's procedural requirements." *McMullan v. Roper*, 599 F.3d 849, 853 (8th Cir. 2010). In Arkansas, the failure to file an appellate brief constitutes a failure to comply with Article IV of the Rules of the Supreme Court of Arkansas. ARK. S.CT. R. 4-3(a) & (j) (indigent briefs must be filed within 40 days from the time the transcript is lodged).

When Mr. Aikens filed his Rule 37 petitions with the circuit court on June 29, 2015, the statute of limitations was tolled with respect to his habeas claim. 28 U.S.C. § 2244(d)(2). In fact, because the time to seek direct appeal had not expired, the one-year limitation period had not yet begun when Mr. Aikens filed his Rule 37 petitions.

The Pulaski County Circuit Court denied Mr. Aikens's Rule 37 petitions on November 12, 2015. (#8-17) The limitation period remained tolled until Mr. Aikens filed a timely notice of appeal on November 30, 2018. (#8-21); *Evans v. Chavis*, 546 U.S. 189, 191-192 (2006) (limitations period tolled between a lower court's adverse decision and the filing of a notice of appeal, if notice of appeal is timely).

Mr. Aikens never filed an appellate brief with the Arkansas Supreme Court, and his appeal was dismissed. (#8-24) While Mr. Aikens's notice of appeal was timely filed on November 30, 2015, the appeal itself was not properly lodged.[7] As a result, he failed to perfect his appeal, making it subject to dismissal for failure to comply with rules governing appellate filings. See ARK. S.CT. R. 4-5.

If a state court finds that a post-conviction petition fails to comply with the applicable filing requirements, "that is the end of the matter" for purposes of determining whether it was "properly filed" under § 2244(d)(2). *Nelson v. Norris*, 618 F.3d 886, 892 (8th Cir. 2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005)). In sum, the limitations period was tolled from the filing of the Rule 37 petitions in circuit court until Mr. Aikens timely filed a notice of appeal. Because Mr. Aikens did not perfect the

---

[7] Mr. Aikens unsuccessfully moved to amend his Rule 37 petitions. (#8-16) Separate orders were entered denying him Rule 37 relief (#8-17) and denying his request to amend his petitions. (#8-18) In his notice of appeal, Mr. Aikens challenged the order denying his motions to amend rather than the original order denying Rule 37 relief. (#8-21) Respondent argues that, as a result, the Arkansas Supreme Court did not have jurisdiction to entertain an appeal of the denial of the Rule 37 order. (#8 at 10) Because the appeal was not properly lodged, either because he appealed the wrong order or because he never perfected the appeal, the distinction is merely noted.

appeal, the limitations period was not tolled in the time between the notice of appeal and its eventual dismissal.

Accordingly, the latest possible date the limitation period began to run was December 1, 2015, and it ran for one year, or until November 30, 2016. Mr. Aikens, however, did not file his petition until November 6, 2017, over 335 days after the statute of limitations had expired. Consequently, there can be no dispute that Mr. Aikens's petition is barred by the statute of limitations unless he is entitled equitable tolling. 28 U.S.C. § 2244(d)(1)(A).

B.    Equitable Tolling

While the limitations period in § 2244(d)(1) is subject to equitable tolling, *Holland v. Florida*, 560 U.S. 631, 649 (2010), in order to benefit from equitable tolling, a petitioner must show that he has not only pursued his rights diligently, but also, that some extraordinary circumstances stood in his way and prevented a timely filing. *Id*. at 649 (quoting *Pace*, 544 U.S. at 418)). Where a habeas petitioner has encountered "the kinds of obstacles faced by many if not most habeas petitioners," equitable tolling is inapplicable because Congress is presumed to have considered such equities in determining that one year represents a fair and appropriate limitations period. *Runyan v. Burt*, 521 F.3d 942, 945-46 (8th Cir. 2008). A petitioner's *pro se* status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law, have been held not to justify equitable tolling. See, *e.g.*, *Earl v. Fabian*, 556 F.3d 717, 724-25 (8th Cir. 2009) (no equitable tolling due to delayed receipt of case file, *pro se* status, lack of access to legal materials and limited time in library);

7

*Shoemate v. Norris*, 390 F.3d 595, 597–98 (8th Cir. 2004) (no equitable tolling due to petitioner's misunderstanding of state post-conviction procedures, pro se status, lack of legal knowledge or legal resources).

Here, Mr. Aikens does not allege that extraordinary circumstances prevented him from filing a timely habeas petition. He does not point to any action or circumstance attributable to the State – or to any other cause – that prevented him from bringing a timely habeas petition. Consequently, he is not entitled to equitable tolling.

### IV. Certificate of Appealability:

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Aikens has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Aikens has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

### V. Conclusion:

Mr. Aikens's petition is time barred. Accordingly, the Court recommends that his petition for writ of habeas corpus (#2) be DISMISSED, with prejudice. The Court further recommends that no certificate of appealability be issued.

DATED this 4th day of June, 2018.

_____
UNITED STATES MAGISTRATE JUDGE